NOT YET SCHEDULED FOR ORAL ARGUMENT

Nos. 26-1056, 26-1057, 26-1075, 26-1076, 26-1077, 26-1078 (consolidated)

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

SIERRA CLUB, et al.,
*Petitioners*,

v.

UNITED STATES DEPARTMENT OF ENERGY, et al.,
*Respondents*.

Petition for Review of United States Department of Energy Orders
Nos. 202-25-12 & 202-25-13

**UNOPPOSED MOTION FOR ABEYANCE**

ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*
ROBERT N. STANDER
*Deputy Assistant Attorney General*

ROBERT LUNDMAN
REBECCA JAFFE
KYLE GLYNN
*Attorneys*
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 598-9568
kyle.glynn@usdoj.gov

# CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

### A. Parties and Amici

Petitioners in case No. 26-1056 are Sierra Club, Citizens Action Coalition of Indiana, Hoosier Environmental Council, Just Transition Northwest Indiana, and Environmental Law and Policy Center. Petitioners in case Nos. 26-1057 are Sierra Club, Citizens Action Coalition of Indiana, Hoosier Environmental Council, and Environmental Law and Policy Center. Petitioners in case Nos. 26-1075 and 26-1076 are the States of Minnesota and Illinois. Petitioner in case Nos. 26-1077 and 26-1078 is the State of Michigan.

Respondents are the United States Department of Energy and Chris Wright, Secretary of the United States Department of Energy.

Intervenor in cases Nos. 26-1056, 26-1075, and 26-1077 is the Northern Indiana Public Service Company LLC. Intervenor in case Nos. 26-1057, 26-1076, and 26-1078 is the Southern Indiana Gas & Electric Company.

### B. Rulings Under Review

Petitioners challenge Department of Energy Order Nos. 202-25-12 (Schahfer 1), and 202-25-13 (Culley 1), which were both issued on December 23, 2025.

### C. Related Cases

Under Circuit Rule 28(a)(1)(C), there are no related cases.

/s/ *Kyle Glynn*  
KYLE GLYNN

Counsel for Federal Respondents

# TABLE OF CONTENTS

CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES ................................................................................ ii

TABLE OF CONTENTS ........................................................................ iv

INTRODUCTION ...................................................................................... 1

BACKGROUND ......................................................................................... 2

I.    The Campbell 1 petitions for review ........................................... 2

II.   The Schahfer 1 and Culley 1 petitions for review ..................... 3

ARGUMENT ............................................................................................... 4

CONCLUSION ........................................................................................... 7

CERTIFICATE OF COMPLIANCE ........................................................ 9

## INTRODUCTION

Federal Respondents U.S. Department of Energy and Secretary of Energy Chris Wright respectfully move to hold briefing in these cases in abeyance until the decision issues in *People of the State of Michigan v. United States Department of Energy* (*Campbell 1*), Nos. 25-1159, 25-1160, 25-1162, which was argued before this Court on May 15, 2026. Federal Respondents further request that the parties be directed to file a motion to govern further proceedings or regarding briefing formats and scheduling within 60 days of the *Campbell 1* decision's issuance. Federal Respondents do not request that the July 6, 2026, certified-index deadline be subject to the abeyance and, accordingly, intend to file the certified index by that date.

*Campbell 1* concerns questions of extraordinary importance regarding the Secretary's emergency authority under the Federal Power Act to protect the Nation's power grid. And the above-captioned consolidated cases (Nos. 26-1056, 26-1057, 26-1075, 26-1076, 26-1077, 26-1078) involve similar legal and factual issues to *Campbell 1*. An abeyance pending the decision in *Campbell 1* will thus promote judicial economy.

Petitioners do not oppose the requested abeyance. Intervenor Northern Indiana Public Service Company LLC takes no position on the requested abeyance. Intervenor Southern Indiana Gas & Electric Company does not oppose the requested abeyance.

1

## BACKGROUND

**I.      The Campbell 1 petitions for review**

In May 2025, the Secretary of Energy issued Order No. 202-25-3 (Campbell 1) under Section 202(c) of the Federal Power Act, 16 U.S.C. § 824a(c), because he determined that an emergency exists in portions of the Midwest "due to a shortage of electric energy, a shortage of facilities for the generation of electric energy, and other causes." Campbell 1 at 1. The Secretary thus ordered the J.H. Campbell coal-fired power plant in Michigan, which was scheduled to close on May 31, 2025, to continue operating for 90 days. Campbell 1 at 1.

In July 2025, various organizations and the States of Michigan, Minnesota, and Illinois petitioned the Court to review Campbell 1 in case Nos. 25-1159, 25-1160, 25-1162 (consolidated).[1] Those cases have been fully briefed. On May 15, 2026, this Court heard oral argument. The issues in *Campbell 1* include the meaning of emergency under Section 202(c), the scope of the Secretary's authority to identify an emergency and determine the best response, and whether substantial evidence supported the Secretary's order. *Campbell 1* DOE Response Br. 4-5, States Br. 3-4,

---

[1] The organizations are the Sierra Club, Natural Resources Defense Council, Michigan Environmental Council, Environmental Defense Fund, Environmental Law and Policy Center, Vote Solar, Union of Concerned Scientists, the Ecology Center, and Urban Core Collective.

Organizations Br. 3-4; *see also* https://www.youtube.com/watch?v=3WSQO8UxkyA (*Campbell 1* argument recording).

Petitions for review of the Secretary's orders postdating Campbell 1 but also requiring the Campbell plant to remain available have been held in abeyance pending *Campbell 1*'s resolution. *See Sierra Club v. Dep't of Energy*, Nos. 25-1198, 25-1202, 25-1254 (D.C. Cir.) (consolidated) (Campbell 2); *Sierra Club v. Dep't of Energy*, Nos. 26-1024, 26-1025, 26-1028 (D.C. Cir.) (consolidated) (Campbell 3); *Sierra Club v. Dep't of Energy*, Nos. 26-1115, 26-1118 (D.C. Cir.) (Campbell 4).

## II.     The Schahfer 1 and Culley 1 petitions for review

On December 23, 2025, the Secretary issued Order Nos. 202-25-12 (Schahfer 1) and 202-25-13 (Culley 1) under Section 202(c) of the Federal Power Act. In those orders, the Secretary found that an emergency exists in portions of the Midwest "due to a shortage of electric energy, a shortage of facilities for the generation of electricity, and other causes." Schahfer 1 at 1; Culley 1 at 1. So the Secretary ordered units 17 and 18 of the R.M. Schahfer Generating Station and unit 2 of the F.B. Culley Generating Station—all of which are in Indiana, were scheduled to cease operations in December 2025, and are coal-fired—to continue operating. Schahfer 1 at 5; Culley 1 at 5.

The Secretary directed continued availability of these units in subsequent 202(c) orders, No. 202-26-19 (Schahfer 2) and No. 202-26-20 (Culley 2), upon

determining that the emergency conditions necessitating the issuance of Schahfer 1 and Culley 1 were still present. Schahfer 2 at 3; Culley 2 at 3.

In March 2026, various public interest organizations (including, like in *Campbell 1*, Sierra Club and Environmental Law and Policy Center) petitioned this Court to review the Schahfer 1 and Culley 1 orders. In April 2026, Michigan, Minnesota, and Illinois did the same. The Court consolidated the petitions. The certified index to the record is currently due July 6, 2026 (after Respondents obtained a 63-day extension). The Court has not set any briefing schedule.

In their statements of issues for these consolidated cases, Petitioners noted questions including whether the challenged orders allegedly exceed the Secretary's authority under Section 202(c) and whether the emergencies that the Secretary identified qualify as an "emergency" under Section 202(c). *See*, *e.g.*, *Sierra Club v. U.S. Dep't of Energy*, No. 26-1056, Doc. 2169247 (Apr. 17, 2026); *Minnesota v. Wright*, No. 26-1075, Doc. 2173198 (May 13, 2026).

## ARGUMENT

The Court should hold briefing in the above-captioned cases in abeyance until the decision issues in *Campbell 1* because *Campbell 1* involves similar issues of extraordinary importance regarding the interpretation of Section 202(c) and the evidence required to support an emergency's existence. A decision in *Campbell 1* will help guide the resolution of this case, and it will be more efficient to address the

*Campbell 1* decision in the briefs to be filed in this case rather than in supplemental briefing.

"A court has inherent power to stay proceedings in control of its docket." *Dellinger v. Mitchell*, 442 F.2d 782, 786 (D.C. Cir. 1971) (cleaned up); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) (noting a court's "broad discretion to stay proceedings as an incident to its power to control its own docket"). "[T]he primary reason for holding a case in abeyance is to promote judicial economy." *Utah by & through Cox v. Env't Prot. Agency*, 2025 WL 1354371, at *2 (D.C. Cir. May 2, 2025) (Rao, J., statement). The Court has held cases in abeyance "when the court is simply waiting for further developments," such as "the decision of a related case that seemed poised to resolve a central issue." *Ctr. for Biological Diversity v. Env't Prot. Agency*, 56 F.4th 55, 79 (D.C. Cir. 2022) (Rao, J., dissenting, citing examples); *see also Nat'l Lab. Rels. Bd. v. Sw. Reg'l Council of Carpenters*, 826 F.3d 460, 461 (D.C. Cir. 2016) (noting case was held "in abeyance pending the Supreme Court's consideration" of a related issue). This Court often orders abeyances "in light of other pending proceedings that may affect the outcome of the case before [it]." *Basardh v. Gates*, 545 F.3d 1068, 1069 (D.C. Cir. 2008); *see also Canadian Ass'n of Petroleum Producers v. FERC*, 308 F.3d 11, 14 (D.C. Cir. 2002) (noting that Court "held the briefing in this case in abeyance" pending a related challenge which, after it was decided, led the Petitioner to "abandon" certain arguments).

A decision in *Campbell 1* will help guide the decision here, so it makes sense to put this case in abeyance until then. *Campbell 1* involves an emergency order that the Secretary issued under Section 202(c) of the Federal Power Act. In that order, the Secretary found that an emergency exists in portions of the electricity grid "due to a shortage of electric energy, a shortage of facilities for the generation of electricity, and other causes." Campbell 1 at 1. Those conditions are like the emergency conditions the Secretary found (and independently supported) in the Schahfer 1 and Culley 1 orders. Like in *Campbell* 1, Petitioners challenging Schahfer 1 and Culley 1 question the scope of the Secretary's emergency authority under the Federal Power Act and the justifications necessary to exercise it—similar to questions that the *Campbell 1* panel is currently weighing and deciding. The *Campbell 1* case and these consolidated cases both involve the Secretary's authority to determine when an emergency exists and the response that best meets the emergency—issues of extraordinary importance for preventing blackouts throughout the Nation.

In addition, all three plants (Campbell, Culley, and Schahfer) have the same grid operator, the Midcontinent Independent System Operator (MISO). And all three plants are coal-fired, which is significant because "coal is especially reliable," unlike weather-dependent sources like wind and solar, and coal-fired generation is profoundly difficult (if at all possible) to bring back online once retired. *Campbell 1*

DOE Response Br. at 57-58.  Thus, *Campbell 1* involves similar factual issues (such as shortages within MISO and the unique reliability of coal-fired plants).

Judicial economy thus supports holding these cases in abeyance until the decision issues in *Campbell 1*.  The decision in *Campbell 1* will inform briefing, and potentially the outcome, in this case and so it makes sense to hold these cases in abeyance until then.

## CONCLUSION

For the foregoing reasons, the Court should hold the above-captioned consolidated cases (Nos. 26-1056, 26-1057, 26-1075, 26-1076, 26-1077, 26-1078) in abeyance pending issuance of the decision in *Campbell 1*.  Federal Respondents further request that the parties be directed to file motions to govern further proceedings or regarding briefing formats and scheduling within 60 days of the *Campbell 1* decision's issuance.

Respectfully submitted,

/s/ *Kyle Glynn*
ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*
ROBERT N. STANDER
*Deputy Assistant Attorney General*
ROBERT LUNDMAN
REBECCA JAFFE
KYLE GLYNN
*Attorneys*
Environment and Natural Resources Division
U.S. Department of Justice

*Counsel for Federal Respondents*

June 8, 2026
90-13-5-18135

# CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f) this document contains 1,526 words.

2. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

/s/ *Kyle Glynn*
KYLE GLYNN

Counsel for Federal Respondents