**ORAL ARGUMENT NOT YET SCHEDULED**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | | |
|---|---|---|
| SIERRA CLUB, et al., *Petitioners*, v. UNITED STATES DEPARTMENT OF ENERGY, and CHRIS WRIGHT, Secretary, UNITED STATES DEPARTMENT OF ENERGY, *Respondents*. | ) | Case No. 26-1056 (Consolidated with Case Nos. 26-1057, 26-1075, 26-1076, 26-1077, 26-1078, 26-1158, 26-1159, 26-1186, and 26-1187) |

**PETITIONERS' MOTION TO GOVERN FURTHER PROCEEDINGS**

Pursuant to Fed. R. App. P. 27, D.C. Cir. R. 27, and this Court's June 29, 2026 Order, Doc. No. 2181063, Petitioners[1] respectfully submit this motion to govern further proceedings in Case Nos. 26-1056, 26-1057, 26-1075, 26-1076, 26-1077, 26-1078, 26-1158, 26-1159, 26-1186, and 26-1187 ("Consolidated Indiana Cases"), which challenge the Department of Energy's ("Department's") two December 23, 2025 orders that directed the Schahfer Generating Station ("Schahfer") and F.B. Culley Generating Station ("Culley") to continue to operate past their December 31, 2025 retirement dates ("Schahfer 1" and "Culley 1"), as well as the two March 23, 2026 renewals of the original orders ("Schahfer 2" and "Culley 2"). Petitioners ask

[1] People of the State of Michigan, Minnesota, Illinois, Wisconsin, Sierra Club, Citizens Action Coalition of Indiana, Hoosier Environmental Council, Just Transition Northwest Indiana, and Environmental Law and Policy Center.

this Court to direct the parties to file motions to govern within 45 days of the resolution of the Petition for Rehearing En Banc or Panel Rehearing the Department filed in Case Nos. 25-1159, 25-1160, 25-1162 ("Campbell 1") on October 26, 2026.

Respondents Department of Energy and Secretary Wright (collectively, "the Department") indicated it will not file a separate motion to govern. Instead, it has requested that the Petitioners relay its position as reproduced here: "Federal Respondents agree that these cases should remain in abeyance with motions to govern due 45 days after the resolution of rehearing proceedings in *Michigan*."

## BACKGROUND

The Consolidated Indiana Cases challenge the Department's two December 23, 2025 orders that directed Schahfer and Culley to continue to operate past their December 31, 2025 retirement dates, as well as the two March 23, 2026 renewals of the original orders. These orders rely on Section 202(c) of the Federal Power Act, which permits the Department to order "generation, delivery, interchange, or transmission of electric energy" where an "emergency exists." 16 U.S.C. § 824a(c)(1).

The Schahfer 1 and Culley 1 orders asserted "emergency conditions resulting from increasing demand and shortage from accelerated retirement of generation facilities" to justify their issuance. Order No. 202-25-12 at 4; Order No. 202-25-13 at 5. The Schahfer 2 and Culley 2 orders claimed that the same

"emergency conditions that necessitated the issuance" of the initial orders "continue, both in the near and long term." Order No. 202-26-19 at 3; Order No. 202-26-20 at 3. Each of these orders lasted only for 90 days, but the Department has continued to renew the Schahfer 1 and Culley 1 orders, most recently on September 18, 2026, utilizing the same rationale as the Schahfer 1 and Culley 1 orders and their predecessors. *See* Order No. 202-26-46 (Sept. 18, 2026), *available at* https://www.energy.gov/documents/doe-order-no-202-26-46; Order No. 202-26-47 (Sept. 18, 2026), *available at* https://www.energy.gov/documents/doe-order-no-202-26-46.

Petitioners first sought review of Schahfer 1 and Culley 1 in this Court on March 16, 2026. Doc. No. 2164183. On May 8, 2026, this Court granted Petitioners' request to consolidate the two challenges. Doc. No. 2172398. On June 29, 2026, the Court granted the Department's unopposed motion to hold the consolidated cases in abeyance. Doc. No. 2181063. The parties were directed to file motions to govern within 60 days of a decision in Campbell 1. *Id.* The Department has filed the record in all consolidated cases. Doc. No. 2181885; Doc. No. 2199004.

On September 11, 2026, this Court resolved the petition in Campbell 1. *Michigan v. Dep't of Energy*, No. 25-1159, slip op. (D.C. Cir. Sept. 11, 2026). The Court held that Section 202(c) "is best read to apply where the Department

identifies a risk of substantial harm from inadequate electricity supply that calls for immediate action by DOE in particular, as opposed to by the states." *Id.* at 6. The Court then vacated the initial Campbell order because the order did not identify any circumstances meeting that standard, and the Department's "misconception" of the statute meant that it would not be able to fix its error on remand. *Id.* at 39; *see also id*. at 6–7, 36.

On October 26, 2026, the Department filed a petition for rehearing en banc or panel rehearing of Campbell 1. *Michigan*, No. 25-1159, Doc No. 2200371.

**POSITION ON MOTION TO GOVERN**

Petitioners request that this Court require the parties to submit motions to govern within 45 days of the resolution of the pending petition for rehearing and rehearing en banc in Campbell 1. The Consolidated Indiana Cases were originally held in abeyance pending the resolution of Campbell 1. The panel in that case resolved the petition, and Petitioners maintain that the orders in the Consolidated Indiana Cases are unlawful and warrant vacatur under *Michigan* because they are all based on the same "emergency circumstances" identified in the Campbell 1 order that this Court concluded were not "facially sufficient to meet the statutory requirement of an emergency." *Michigan,* slip op. at 36.

However, on October 26, 2026, the Department sought rehearing en banc and panel rehearing of the *Michigan* decision, arguing that it was wrongly decided.

*Michigan*, No. 25-1159, Doc. No. 2200371. Petitioners contend *Michigan* was correctly decided and that rehearing is not warranted, but this Court should wait for that rehearing request to be resolved before moving forward here. Once this Court resolves the petition for rehearing in *Michigan*, then the Department should be required promptly to tell this Court how it intends to proceed in the Consolidated Indiana Cases.

## CONCLUSION

Accordingly, Petitioners respectfully request that the Court require all parties to file motions to govern within 45 days of the resolution of rehearing proceedings in Campbell 1.

Dated: November 10, 2026

Respectfully Submitted,


*/s/ Gregory E. Wannier*[2]
Gregory E. Wannier (D.C. Cir. 55920)
Sierra Club Environmental Law Program
2101 Webster Street, Suite 1300
Oakland, CA 94612
(415) 977-5646
greg.wannier@sierraclub.org

*Counsel for Sierra Club*

*/s/ Nicholas Wallace*
Nicholas Wallace
Environmental Law and Policy Center
35 E. Wacker Drive, Suite 1600
Chicago, IL 60601
(734) 604-9158
nwallace@elpc.org

*Counsel for Environmental Law and Policy Center*

*/s/ Peter N. Surdo*
Peter N. Surdo
Special Assistant Attorney General
Office of the Minnesota Attorney General
445 Minnesota St., Suite 600
St. Paul, MN 55101
peter.surdo@ag.state.mn.us

*Counsel for Petitioner State of Minnesota*

*/s/ Sameer H. Doshi*
Sameer H. Doshi
Earthjustice
311 S. Wacker Drive, Suite 1400
Chicago, IL 60606
(312) 745-5210
sdoshi@earthjustice.org

Jennifer Yun
Michael Lenoff
Earthjustice
1250 I Street NW, Fourth Floor
Washington, DC 20005
(202) 667-4500
jyun@earthjustice.org
mlenoff@earthjustice.org

*Counsel for Citizens Action Coalition of Indiana, Hoosier Environmental Council, and Just Transition Northwest Indiana*

*/s/ Lucas Wollenzien*
LUCAS WOLLENZIEN (P86928)
MICHAEL E. MOODY (P51985)
Assistant Attorneys General
Special Litigation Division P.O. Box 30755 Lansing, MI 48909
(517) 335-7627
WollenzienL@michigan.gov
MoodyM2@michigan.gov

*Counsel for Petitioner State of Michigan*


[2] Counsel represents that the other parties listed in the signature blocks on this document consent to this filing.

/s/ Jason E. James
Jason E. James
Assistant Attorney General
Sarah Hunger
Deputy Solicitor General
Joanna Brinkman
Complex Litigation Counsel
Illinois Attorney General's Office
201 W. Pointe Drive, Suite 7
Belleville, IL 62226
(217) 843-0322
jason.james@ilag.gov

*Counsel for Petitioner State of Illinois*

/s/ Gabe Johnson-Karp
GABE JOHNSON-KARP
Assistant Attorney General
Wisconsin Department of Justice
17 West Main Street
Post Office Box 7857
Madison, WI 53707-7857
(608) 267-8904
gabe.johnson-karp@wisdoj.gov

*Counsel for Petitioner State of Wisconsin*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of November, 2026, I have served the foregoing on all registered counsel through the Court's electronic filing system (ECF), or, with permission, via email.

Respectfully submitted,


*/s/ Gregory E. Wannier*
Gregory E. Wannier (D.C. Cir. 55920)
Sierra Club Environmental Law Program
2101 Webster Street, Suite 1300
Oakland, CA 94612
greg.wannier@sierraclub.org
(415) 977-5646

*Counsel for Sierra Club*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

Counsel hereby certifies, in accordance with Federal Rule of Appellate Procedure 32(g)(1), that the foregoing motion contains 925 words, as counted by counsel's word processing system, and thus complies with the 5,200-word limit. *See* Fed. R. App. P. 27(d)(2)(A).

Further, this document complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 using size 14 Times New Roman font.

Dated: November 10, 2026

*/s/ Gregory E. Wannier*
Gregory E. Wannier (D.C. Cir. 55920)
Sierra Club Environmental Law Program
2101 Webster Street, Suite 1300
Oakland, CA 94612
greg.wannier@sierraclub.org
(415) 977-5646

*Counsel for Sierra Club*